UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | § | | |
| **VS.** | § | NO. | **1:00-CR-117 and 1:00-CR-150** |
| **DAVID MATTHEW KURDUPSKI** | § | | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 18, 2005, alleging that defendant violated conditions of supervised release by being arrested by the Texas Department of Public Safety on May 16, 2005 for possession of marijuana, and by submitting a urine specimen on March 31, 2005 which tested positive for methamphetamine and admitting to the U.S. Probation Office that he had recently used methamphetamine.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I. The Original Conviction and Sentence

Defendant was sentenced on July 30, 2001, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of possession with intent to

distribute less than 50 kilograms of marijuana, a Class D felony.  The guidelines imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months.  Defendant was subsequently sentenced to 24 months imprisonment followed with three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; and a $100 special assessment.  <u>United States v. David Kurdupski</u>, 1:00-cr-117-1.  Defendant was also sentenced on July 30, 2001, before The Honorable Richard A. Schell after pleading guilty to the offense of possession of a firearm in furtherance of a drug trafficking crime, a Class A felony.  This offense carried a statutory maximum imprisonment term of life.  By statute, the defendant was subject to a term of imprisonment of not less than five years.  Defendant was subsequently sentenced to 42 months imprisonment followed with three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; and a $100 special assessment.  <u>United States v. David Kurdupski</u>, 1:00-cr-150-1.  These sentences were to run concurrently.

On April 12, 2005, defendant's conditions of supervision in both cases noted above were modified to include  home detention with electronic monitoring for 180 days.  On May 11, 2005, defendant's conditions were modified in both cases to remove home detention with electronic monitoring and replace it with community corrections component of a Community Corrections Center for 180 days.

On August 22, 2003, defendant completed his period of imprisonment and began service of the supervision term.

## II. The Period of Supervision

Defendant's term of supervised release commenced on August 22, 2003.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on May 18, 2005. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall not illegally possess a controlled substance. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |

As grounds, the petition alleges that on May 16, 2005, defendant was arrested by the Texas Department of Public Safety for possession of five pounds of marijuana, and that defendant is currently detained in Orange County as a result of this charge. The petition also alleges that on March 31, 2005, defendant submitted a urine specimen that tested positive for methamphetamine, and that defendant admitting to using methamphetamine on or about March 29, 2005.

## IV. Proceedings

On August 1, 2005, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by submitting a urine specimen which tested positive for methamphetamine, and by admitting to using methamphetamine on or about March 29, 2005. The court announced that this violation is a Grade C violation, with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an agreement as to a recommended disposition. This agreement was that the court should revoke supervised release, impose 7 months imprisonment; followed by no additional period of supervised release. In return, the government will decline to proceed with remaining alleged violations of supervised release conditions.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction for docket 1:00-cr-117-1 was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is one year. The original offense of conviction for docket 1:00-cr-150-1 was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is five years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by submitting a urine specimen that tested positive for methamphetamine, and by admitting to using methamphetamine on or about March 29, 2005, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a mandatory condition: submitting a urine specimen that tested positive for methamphetamine, and admitting to using methamphetamine. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this mandatory condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision; he submitted a urine specimen that tested positive for methamphetamine, and admitted using methamphetamine. The U.S. Probation Office stated that unannounced visits to defendant's home also indicated that defendant was continuing

to have problems with drug abuse. As such, incarceration appropriately addresses defendant's violations.

## RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, that he refrain from any unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of seven (7) months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 2nd day of August, 2005.

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE